# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SABRINA HOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00310 |
| | ) | |
| AT&T SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Sabrina Holder, a *pro se* Tennessee resident, filed a Complaint against AT&T Services, Inc. ("AT&T") (Doc. No. 1 at 1) and an application to proceed in this Court without prepaying fees and costs (Doc. No. 2). Upon initial review, the Complaint is deficient in two ways. Thus, to proceed in this action, Plaintiff must comply with the instructions at the end of this Order.

## I.     Application to Proceed as a Pauper

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that she cannot pay the $400.00 filing fee without undue hardship. Accordingly, Plaintiff's application (Doc. No. 2) is **GRANTED**.

## II.    Initial Review

The Court must dismiss any action filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). In this case, however, the Complaint and attached documentation do not include sufficient information to conduct an initial review at this time.

In the section of the Complaint for requesting relief, Plaintiff lists what appear to be state law claims. (Doc. No. 1 at 2.) And in the section for providing "a short and plain statement of the

claim," Plaintiff writes "see attachment." (Id.) The attachment, meanwhile, is a Charge of Discrimination apparently presented to the EEOC and digitally signed by Plaintiff on January 2, 2020. (Id. at 4.) This Charge asserts a claim against AT&T for retaliating against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1]. (Id. at 4.) Plaintiff wrote "the particulars" of this claim as follows: "From December 2015 and continued, I have been retaliated and harassed for filing prior harassment charges against Respondent and the union. I[']m unable to maintain employment because I believe the Respondent has placed me under surveillance." (Id.)

Although the Court holds *pro se* pleadings to a "less stringent standard," the Court is not required to "conjure up unpleaded facts to support conclusory allegations." Perry v. United Parcel Serv., 90 F. App'x 860 (6th Cir. 2004) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). And here, the vague and conclusory allegations on the Charge of Discrimination do not provide a sufficient basis to review Plaintiff's asserted claims.

Additionally, a plaintiff must possess a Right-to-Sue notice "to file suit under Title VII." Dickerson v. Assocs. Home Equity, 13 F. App'x 323, 324 (6th Cir. 2001) (citations omitted). Receiving a Right-to-Sue notice is a "condition precedent" to filing a lawsuit under Title VII. Id. (citations omitted). And here, Plaintiff has not alleged that she received a Right-to-Sue notice from the EEOC prior to filing this suit.

Rather than dismiss the Complaint at this juncture, the Court will allow Plaintiff an opportunity to submit an Amended Complaint that supports her claims with specific factual allegations and demonstrates that she has received the Right-to-Sue notice necessary to pursue a Title VII claim. See Dickerson, 13 F. App'x at 324 (citing Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 310 (6th Cir. 2000)) (noting that it would be "unduly harsh" to dismiss a complaint

---

[1]  The Court also notes that Plaintiff submitted a Civil Cover Sheet listing the Cause of Action as "employer retaliation and harassment" under Title VII. (Doc. No. 1-2.)

"due to the absence of a right-to-sue letter" where a plaintiff received it "before the district court's final order"). The Clerk is therefore **DIRECTED** to mail Plaintiff a blank Complaint for Employment Discrimination (AO Form Number Pro Se 7).

## III. Instructions to Plaintiff

To pursue this action, Plaintiff **MUST** complete and return the Complaint for Employment Discrimination. Plaintiff may use this Complaint form to assert any federal and state law claim she would like to pursue. In doing so, Plaintiff must complete the section of the Complaint form for explaining the specific factual basis for her claims. If Plaintiff runs out of space on the Complaint form, Plaintiff may attach additional pages.

To pursue a Title VII claim in this case, Plaintiff **MUST** either submit a copy of the relevant Right-to-Sue notice or explain why she is unable to do so. That is, to the best of her abilities, Plaintiff must demonstrate how she exhausted the administrative remedies for her Title VII claim.

Plaintiff's submissions must be received in this Court within **21 DAYS** of the date this Order is entered on the docket and include the assigned case number - **3:20-cv-00310**. Plaintiff may request more time to comply with these instructions before the deadline expires, if necessary.

Plaintiff is warned that, if she does not comply with this Order within the required time period, the Court will dismiss this action for failure to prosecute. Fed. R. Civ. P. 41(b). Plaintiff is also warned that the Court may dismiss this action if she does not keep the Court informed of her current address. Local Rule 41.01(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE